**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GINO LUNA, *on behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class,*

          Plaintiff,

          v.

SUGAR FACTORY BROADWAY LLC
   d/b/a SUGAR FACTORY AMERICAN BRASSERIE,
ROMEO FOXTROT 55 LLC
   d/b/a SUGAR FACTORY AMERICAN BRASSERIE,
and SHERWIN N JAROL,

          Defendants.

---

Case No:

**CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

Plaintiff GINO LUNA ("Plaintiff LUNA")("Plaintiff"), on behalf of himself and others

similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective

Action Complaint against Defendant, SUGAR FACTORY BROADWAY LLC d/b/a SUGAR

FACTORY AMERICAN BRASSERIE, ROMEO FOXTROT 55 LLC d/b/a SUGAR

FACTORY AMERICAN BRASSERIE (the "Corporate Defendants"), and SHERWIN N JAROL

(the "Individual Defendant," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving, (2) unpaid wages, including overtime, due to an invalid tip credit, (3) illegally retained gratuities, (4) liquidated damages, and (5) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and Class members are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving, (2) unpaid wages, including overtime, due to an invalid tip credit, (3) illegally retained gratuities, (4) unpaid spread of hours premiums, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.     Plaintiff GINO LUNA is a resident of Queens County, New York.

6.     The Defendants operate restaurants under the trade name "Sugar Factory American Brasserie" at the following locations:

    a.    1991 Broadway, New York, NY 10023 ("Upper West Side Location"); and

b.  110-00 Rockaway Blvd, Queens, NY 11420 ("Queens, NY Location")

(collectively, "the Restaurants").

7.      All the Restaurants are operated as a single enterprise, under the common control

of the Defendants. Specifically, the Restaurants are engaged in related activities, share common

ownership, and have a common business purpose:

a.  The Restaurants are advertised jointly as a common enterprise on Defendants'
    website located at https://sugarfactory.com/locations. *See* **Exhibit A - Defendants'
    Website Showing Locations**.

b.  The Restaurants are also advertised jointly on Defendants' Facebook page located
    at https://www.facebook.com/sugarfactorybrand. *See* **Exhibit B – Defendants'
    Facebook Page**.

c.  The Restaurants are also advertised jointly on Defendants' Instagram page located
    at https://www.instagram.com/thesugarfactory. *See* **Exhibit C – Defendants'
    Instagram Page.**

d.  The Restaurants share a common gift card. *See* **Exhibit D – Defendants' Gift Card
    Page.**

e.  The Restaurants all share a common trade name and logo.

f.  Individual Defendant Sherwin N. Jarol is a listed principal for both Restaurants.

g.  Defendants' employees as well as supplies are moved interchangeably from
    location to location as needed, and Defendants provide the same terms of
    employment to employees at all locations.

8.      Corporate Defendant SUGAR FACTORY BROADWAY LLC d/b/a SUGAR

FACTORY AMERICAN BRASSERIE is a limited liability company organized under the laws of the

State of Delaware with an address for service of process located at National Corporate Research, Ltd., 122 East 42nd Street, 18th Floor, New York, NY 10168 and a principal place of business at 1991 Broadway, New York, NY 10023 (the "Upper West Side Location").

9.     Corporate Defendant ROMEO FOXTROT 55 LLC d/b/a SUGAR FACTORY AMERICAN BRASSERIE is a limited liability company organized under the laws of the State of Nevada with an address for service of process located at c/o Corporation Service Company, 80 State Street, Albany, NY 12207 and a principal place of business at 110-00 Rockaway Blvd, Queens, NY 11420 (the "Queens, NY Location").

10.    Individual Defendant SHERWIN N. JAROL is a principal of the Corporate Defendants. SHERWIN N. JAROL exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. SHERWIN N. JAROL exercise the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees could complain to the SHERWIN N. JAROL directly regarding any of the terms of their employment, and SHERWIN N. JAROL would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. SHERWIN N. JAROL additionally exercises functional control over the business and financial operations of Corporate Defendants. SHERWIN N. JAROL ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Restaurants are operating efficiently and profitably.

11.     At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to delivery persons, hosts, waiters, bartenders, busboys, runners, dishwashers, porters, food preparers, cooks, and chefs among others employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

14.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, due to time shaving. A subclass of tipped employees has a claim for unpaid minimum wage and overtime wage, including those from an improperly deducted tip credit, and a claim for illegally retained gratuities. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their

names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including but not limited to delivery persons, hosts, waiters, bartenders, busboys, runners, dishwashers, porters, food preparers, cooks, and chefs among others employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.    The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiff LUNA is a member of both the Class and the Tipped Subclass.

19.    Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each

member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including overtime, due to time shaving, (ii) failing to pay spread of hours premium, (iii) failing to provide Class members with proper wage statements with every payment of wages, and (iv) failing to properly provide wage and hour notices to Class members, at date of hiring and annually, per requirements of the NYLL.

20.     More specifically, with regard to Plaintiff and the Tipped Subclass, Defendants also failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the NYLL. Plaintiff and the Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed a tip credit in excess of the statutory amount permissible, (iii) claimed a tip credit even when tips were insufficient to bring tipped employees up to the statutory minimum wage rate, (iv) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek, (v) implemented an invalid tip pooling scheme in which managers who did not directly service customers participated in the tip pool, (vi) illegally retained tips, (vii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (viii) failed to accurately keep track of daily tips earned and maintain records thereof.

21.     Defendants illegally retained gratuities because managers who did not directly service customers, pocketed tips and participated in the tip pool. Furthermore, Defendants also kept tips from catering events from Plaintiff and other Tipped Subclass members.

22.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for

Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.   Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

    b.   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

    c.   At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

    d.   Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e.  Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the NYLL;

f.  Whether Defendants caused time shaving by paying Plaintiff and Class members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

g.  Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

h.  Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

i.  Whether Defendants claimed a tip credit even when Plaintiff's and class members' tips were insufficient to bring them up to the statutory minimum wage rate;

j.  Whether Defendants caused tipped employees to engage in non-tipped duties exceeding two (2) hours or twenty percent (20%) of each shift;

k.  Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

l.  Whether Defendants established an invalid tip pooling arrangement by illegally including managers who did not directly service customers in the tip pool;

m.  Whether Defendants established an invalid tip pooling arrangement by instituting an invalid tip pooling scheme in which Plaintiff and the Tipped Subclass did not agree to;

n.  Whether Defendants retained any portion of the gratuities from their tipped employees;

o. Whether Defendants paid Plaintiff and Class members their spread of hours premium for days worked in excess of ten (10) hours per workday;

p. Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the NYLL; and

q. Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL.

## STATEMENT OF FACTS

27.    In or around March 23, 2021, Plaintiff LUNA was hired by Defendants to work as a waiter at the restaurant "Sugar Factory American Brasserie" located at 1991 Broadway, New York, NY 10023 ("Upper West Side Location"). Plaintiff LUNA worked for Defendants until in or around November 2021.

28.    From the start of his employment with Defendants until in or around April 2021, Plaintiff LUNA was regularly scheduled to work approximately twenty-eight (28) hours per week from 5:00 p.m. to 12:00 a.m. for four (4) days a week. From in or around April 2021 until in or around July 2021, Plaintiff LUNA was regularly scheduled to work approximately forty-three (43) hours per week, one (1) day from 5:00 p.m. to 12:00 a.m., and three (3) days from 12:00 p.m. to 12:00 a.m. From in or around July 2021 to in or around August 2021, Plaintiff LUNA was regularly scheduled to work approximately forty-eight (48) hours per week from 11:00 a.m. to 11:00 p.m. for four (4) days a week. From in or around August 2021 to the end of his employment with Defendants, Plaintiff LUNA was regularly scheduled to work approximately thirty-two (32) hours

per week from 11:00 a.m. to 7:00 p.m. for four (4) days per week. FLSA Collective Plaintiffs and Class Members were scheduled to work a similar number of hours per week.

29.    Plaintiff was required to work throughout his shifts without any meal breaks. Despite Plaintiff not having any breaks throughout the entirety of his shift, Defendants automatically deducted an hour from Plaintiff's wages, resulting in unpaid regular and overtime wages. Therefore, Plaintiff engaged in unpaid off-the-clock work for about four (4) hours per week. FLSA Collective Plaintiffs and Class Members were similarly required to work throughout their shifts without breaks and were similarly subject to an automatic hour deduction and suffered unpaid regular and overtime wages.

30.    Throughout his entire employment with Defendants, Plaintiff LUNA was paid ten dollars and fifty cent ($10.50) per hour by check every week.

31.    At all times, Plaintiff and a subclass of FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek, (iii) implemented an invalid tip pooling scheme in which managers who did not directly service customers participated in the tip pool, (iv) illegally retained tips, (v) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (vi) failed to accurately keep track of daily tips earned and maintain records thereof, in violation of the NYLL.

32.    Plaintiff was required to engage more than twenty percent (20%) of his working time in non-tipped related activities, including dishwashing, sweeping, mopping, and polishing glassware and silverware. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding twenty percent (20%) of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

33.    Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass suffered from Defendants' retention of gratuities through Defendants' invalid tip pooling arrangement. Defendants implemented a policy at the Restaurants where Plaintiff and other non-exempt tipped employees were subject to a tip pool they did not agree to, which was set by and enforced by Defendants. The tip pool improperly included managers who did not directly service customers. As a result, Defendants illegally retained tips through the tip pooling arrangement by retaining a portion of the tips to be distributed to managers who did not directly service customers. Such improper tip pooling policy invalidates Defendants' tip credit allowance.

34.    Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass suffered from Defendants' retention of gratuities. Defendants' managers Jefferson Barragan Trestrepo, Bobby Barragan Trestrepo, Natalie [LNU], and Edwin [LNU] collected all tips at the end of shift to "count" them. Managers would secretly pocket tips while counting resulting in low tips even on busy days.

35.    Furthermore, Defendants kept tips from catering events from Plaintiff, FLSA Collective Plaintiffs, and the Tipped Subclass. At all relevant times, Defendants violated *World Yacht* because tipped employees who worked events never were properly paid gratuities they were entitled, and customers were never informed that such employees would not receive the full gratuity to which they were entitled.

36.     Throughout his employment, when Plaintiff worked in excess of ten (10) hours per workday he was not compensated with his spread of hours premium. Class members worked similar hours that regularly exceeded ten (10) hours per day and were not compensated their spread of hours premium.

37.     Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs and Class members for all hours, including overtime due to time shaving.

38.     Defendants knowingly and willfully operated their business with a policy of not paying proper wages to Plaintiff, FLSA Collective Plaintiffs and Class members. Defendants were not entitled to claim any tip credits under FLSA or NYLL.

39.     Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiff and Class members, in violation of the NYLL.

40.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

41.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

42.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF

### AND FLSA COLLECTIVE PLAINTIFFS

43.     Plaintiff realleges and reavers Paragraphs 1 through 42 of this Class and Collective Action Complaint as if fully set forth herein.

44.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

45.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

46.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

47.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all hours, including overtime, due to Defendants' policy of time shaving.

48.     At all relevant times, Defendants had a policy and practice of failing to pay the statutory proper wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked, including overtime. Defendants were also not entitled to claim any tip credits under the FLSA.

49.     At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA to Plaintiff and FLSA Collective Plaintiffs by instituting an illegal tip pooling scheme

in which managers who did not directly service customers retained a portion of the tips in the tip pool.

50.     At all relevant times, Plaintiff, a subclass of FLSA Collective Plaintiffs suffered from Defendants' retention of gratuities. Defendants' managers collected and pocketed all tips received. Furthermore, Defendants kept tips from catering events as well.

51.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs the full amount of wages due including overtime under the FLSA.

52.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

54.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

55.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving, unpaid wages, including overtime, due to an invalid tip credit, damages representing disgorgement of illegally retained gratuities, plus an equal amount as liquidated damages.

56.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

57.    Plaintiff realleges and reavers Paragraphs 1 through 56 of this Class and Collective Action Complaint as if fully set forth herein.

58.    At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL §§ 2 and 651.

59.    At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and Class members for all of their hours worked, including overtime due to Defendants' policy of time shaving.

60.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked. Defendants were not entitled to claim any tip credits.

61.    Defendants willfully violated Plaintiff and the Class members' rights by instituting an illegal tip pooling scheme in which Class members were required to share tips with managers who did not directly service customers. In doing so, Defendants willfully deprived Plaintiff and Class members of their lawfully earned wages.

62.    At all relevant times, Plaintiff and the Tipped Subclass suffered from Defendants' retention of gratuities. Defendants' managers collected and pocketed all tips received. Furthermore, Defendants kept tips from catering events as well.

63.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period. Defendants also provided fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation, including tips illegally withheld from Plaintiff and Class members.

64.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class members the full amount of wages due including overtime under the NYLL.

65.     Defendants willfully violated Plaintiff and Class members' rights by failing to pay "spread of hours" premiums to them for each workday that exceeded ten (10) or more hours.

66.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the NYLL.

67.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, including overtime, due to time shaving, unpaid wages, including overtime, due to an invalid tip credit, damages representing disgorgement of illegally retained gratuities, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid wages, including overtime, due to time shaving due under the FLSA and the NYLL;

d.    An award of unpaid wages, including overtime, due to an invalid tip credit due under the FLSA and the NYLL;

e.    An award equal to the amount of the improperly retained tips withheld by Defendants;

f.    An award of unpaid spread of hours premiums due under the NYLL;

g.    An award of statutory penalties as a result of Defendants failure to comply with NYLL wage notice and wage statement requirements;

h.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

i.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

i.   An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.   Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

k.   Designation of this action as a class action pursuant to F.R.C.P. 23;

l.   Designation of Plaintiff as Representatives of Class; and

m.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 29, 2021

Respectfully submitted,
By: ___*/s/ C.K. Lee*_____
        C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*